Scott Oborne, OSB No. 062333
obornes@jacksonlewis.com
April Upchurch Fredrickson, OSB No. 132027
April.fredrickson@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St. Ste. 540
Portland, Oregon 97201
Telephone:  503-229-0404
Facsimile:  503-229-0405
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ADRIANA HAYS, an individual; NIKOLAUS HIRSHBERGER, and individual;<br>Plaintiffs,<br><br>vs.<br><br>AXIOM ENTITIES, LLC, an Oregon Limited Liability Company dba AXIOM ECO-PEST CONTROL; and AXIOM EPC OF OREGON LLC, an Oregon Limited Liability Company dba AXIOM ECO-PEST CONTROL;<br><br>Defendants. | Case No.: 3:16-cv-01942-PK<br><br>**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE** |

Plaintiffs, Adriana Hays and Nikolaus Hirshberger ("Plaintiffs"), and Defendants Axiom Entities LLC and Axiom EPC of Oregon, LLC ("Defendants") (collectively referred to herein as the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement and to Dismiss Lawsuit With Prejudice ("Joint Motion to Approve Settlement"), and state the following in support thereof:

JOINT MOTION FOR COURT APPROVAL AND TO
DISMISS LAWSUIT WITH PREJUDICE - 1

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

1.   In the instant action, plaintiffs claim entitlement to unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").

2.   Plaintiffs have not filed a motion seeking collective action status under 29 U.S.C. § 216(b) and do not intend to seek collective action status.

3.   Defendants dispute plaintiffs' claims. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter. The Parties now seek approval of the settlement from the Court.

4.   Pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Court's within the 9th Circuit have adopted the rationale adopted by the 11th Circuit in *Lynn's Food Stores, Inc.* and have likewise required approval of FLSA settlements by the Court or the Secretary of Labor. Moreover, in a pre-certification context, a court's review is not as stringent and does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

5.   The Parties have agreed to settle all claims made in this dispute through the execution of a confidential agreement. The Parties represent that, in accordance with the terms of the confidential agreement ("Agreement"), plaintiffs are receiving a reasonable and satisfactory recovery of an agreed upon sum as payment for unpaid wages allegedly owed, plus payment of an agreed upon amount for attorneys' fees and costs. A fully executed copy of the Agreement has been attached hereto; however, the settlement sum paid to plaintiffs has been redacted to preserve the confidentiality of the Agreement. An unredacted version of the

Agreement will be filed with the Court under seal pursuant to the Court's Order Granting Unopposed Motion to File Document Under Seal.

6. Plaintiffs specifically agree and stipulate that the terms of the Agreement represent a fair and equitable resolution of all claims asserted by Plaintiffs in this matter. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals as well as the uncertainty of continued litigation. In exchange for these payments, Plaintiffs agree to release the Defendants from any and all claims they may have against Defendants.

7. The Parties have been adequately represented by experienced counsel.

8. The Parties request that the Court approve the Parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA.

9. The Parties further stipulate, pursuant to Federal Rule of Civil Procedure 41(a)(1) and 41(c)(2), to the dismissal of all claims asserted in this matter with prejudice upon approval of the settlement by the Court as requested above and for the Court to retain jurisdiction in order to enforce the terms of the Settlement Agreement if needed.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the settlement and dismissing this lawsuit with prejudice.

DATED this 17th day of May, 2017.

VOGELE & CHRISTIANSEN LLP         JACKSON LEWIS, P.C.

s/ Joel Christiansen                              s/ April Upchurch Fredrickson
Joel Christiansen, OSB No. 080561      Scott Oborne, OSB No. 062333
                                                             April Upchurch Fredrickson, OSB No. 132027

JOINT MOTION FOR COURT APPROVAL AND TO
DISMISS LAWSUIT WITH PREJUDICE - 3

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

## DECLARATION OF SERVICE

I hereby certify that I served the foregoing **JOINT MOTION FOR COURT APPROVAL AND TO DISMISS LAWSUIT WITH PREJUDICE** by:

- ■ Electronic Mail
- ■ CM/ECF
- ☐ U.S. Postal Service
- ☐ Facsimile Service
- ☐ Arranging for Hand Delivery

as follows on the date stated below:

Joel Christiansen, OSB #080561
Vogele & Christiansen
812 NW 17th Ave.
Portland, OR 97209
joel@oremploymentlawyer.com
*Attorney for Plaintiff*

Dated this 17th day of May, 2017, at Portland, Oregon.

s/ Delores Petrich
Delores Petrich

4830-6815-5717, v. 1