<u>**CONFIDENTIAL SETTLEMENT AGREEMENT AND**</u>
<u>**GENERAL RELEASE OF CLAIMS**</u>

This Confidential Settlement Agreement and General Release of Claims ("Agreement" or "Settlement Agreement") is entered into by and between Adriana Hays and Nikolaus Hirshberger (hereafter "Employees," "you" or "Hays and Hirshberger") and Axiom Entities, LLC dba Axiom Eco-Pest Control and Axiom EPC of Oregon LLC dba Axiom Eco-Pest Control (hereafter collectively "Axiom" or "the Company"). Hays, Hirshberger and Axiom are hereafter referred to collectively as "the Parties."

I. **CONSIDERATION.** In consideration for signing this Settlement Agreement and complying with its terms, Axiom agrees to pay Hays and Hirshberger ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as specified in subparagraphs (A) through (F) below (hereafter "Settlement Sum").

   A. Axiom will issue Hays a check in the amount of ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇, from which standard employer payroll deductions shall be taken. Axiom will issue Hays an IRS Form W-2 for this portion of the Settlement Sum.

   B. Axiom will issue Hays a check in the amount of ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ from which no payroll deductions shall be taken. Axiom will issue Hays an IRS Form 1099 for this portion of the Settlement Sum. As a condition precedent to receiving this portion of the Settlement Sum, Hays agrees to provide Axiom with an IRS Form W-9.

   C. Axiom will issue Hirshberger a check in the amount of ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇, from which standard employer payroll deductions shall be taken. Axiom will issue Hirshberger an IRS Form W-2 for this portion of the Settlement Sum.

   D. Axiom will issue Hirshberger a check in the amount of ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ from which no payroll deductions shall be taken. Axiom will issue Hirshberger an IRS Form 1099 for this portion of the Settlement Sum. As a condition precedent to receiving this portion of the Settlement Sum, Hirshberger agrees to provide Axiom with an IRS Form W-9.

   E. Axiom will issue a check to Joel Christiansen in the amount of ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, from which no deductions will be taken. This portion of the Settlement Sum will be considered payment for attorney fees and litigation expenses/costs. Axiom will issue Hays and Hirshberger an IRS Form 1099-MISC for this portion of the Settlement Sum

Hays _____<br>
Hirshberger __NH__<br>
Axiom __BJK__

and the payment will be reflected in box 3 (other income). Axiom will also issue to Joel Christiansen an IRS Form 1099-MISC for this portion of the Settlement Sum and the payment will be reflected in box 14 (gross proceeds paid to an attorney). As a condition precedent to this portion of the Settlement Sum, Hays and Hirshberger agree to provide Axiom a fully completed IRS Form W-9 for Joel Christiansen.

F.  AXIOM will deliver the foregoing checks to Joel Christiansen within fifteen (15) business days of the Court approving the settlement as set forth in Section III(A), provided that Axiom has also received the required IRS Form W-9s.

II. **GENERAL RELEASE OF CLAIMS BY HAYS AND HIRSHBERGER.** In consideration for payment of the Settlement Sum, Hays and Hirshberger knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Axiom, including its past and present officers, owners, members, insurers, partners, directors, managers, agents, employees, successors, predecessors, assigns, related entities, parent and subsidiary companies, representatives, attorneys, divisions, benefit plans, and affiliates, and all persons acting by, through, under or in concert with any of them (hereafter "Releasees"), of and from any and all claims, demands, causes of action, rights, damages, costs, expenses and compensation whatsoever, known and unknown, asserted or unasserted, whether arising under common law or statute, whether local, state or federal, which Hays and Hirshberger now have, or may hereafter have, against any Releasee as of the date Hays and Hirshberger execute this Settlement Agreement, including, but not limited to, any alleged violation of or liability for any of the following, all as amended and to the extent allowed by law:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA");
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act;
- The Occupational Safety and Health Act;
- The Equal Pay Act, as amended, to the extent permitted by law;
- The National Labor Relations Act;
- The Consolidated Omnibus Budget Reconciliation Act ("COBRA"), to the extent permitted by law;
- The federal Fair Credit Reporting Act;
- The federal Family and Medical Leave Act;
- The Sarbanes-Oxley and Dodd-Frank Acts;
- The Workers Adjustment and Retraining Notification Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Oregon Revised Statutes Chapters 652, 653, 654, 659 and 659A;

Hays _____
Hirshberger _NH_
Axiom _BJK_

2

- Any tort theory including but not limited to the torts of wrongful discharge and negligent or intentional misrepresentation;
- Any other legal limitation on the employment relationship, whether federal, state, local or common law;
- Any claim for defamation, intentional injury, intentional infliction of emotional distress, negligence, infliction of emotional distress, or negligent hiring, supervision or retention;
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters; and
- Any claim for fraud, including fraud in the inducement pertaining to this Settlement Agreement.

Claims Not Released. Despite the general release set forth above, through this Settlement Agreement, Hays and Hirshberger are not waiving any rights to: (a) vested accrued employee benefits under Employer's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; and/or (d) enforce or challenge the validity of this Settlement Agreement.

## III. AFFIRMATIONS AND CONDITIONS PRECEDENT.

A. Hays and Hirshberger affirm they have not filed or caused to be filed any claim, complaint, or action against any Releasee in any forum or form with the sole exceptions of the USDC Portland Division Case No. 3:16-cv-01942 (hereafter "the Pending Action"). The Parties acknowledge and agree that the complete and effective dismissal of the Pending Action and court approval of the settlement, without any additional claims being pursued by any person pursuant to the Pending Action, is a condition precedent to the enforceability of this Settlement Agreement, including the obligation to provide the Settlement Sum.

B. Hays and Hirshberger affirm that after receiving their portion of the Settlement Sum, they will have received all leave (paid or unpaid), compensation, wages including overtime compensation, bonuses, commissions, and/or benefits to which they may be entitled from Releasees and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to them with the exception of any vested right they may have under the terms of a written ERISA-qualified benefit plan. Hays and Hirshberger furthermore affirm they have no workplace injuries or occupational diseases that have not already been disclosed to Employer and that they have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act or any other law by Employer.

Hays _____
Hirshberger  NH
Axiom  BJY

3

C.     Hays and Hirshberger agree not to apply or otherwise seek employment, temporary or otherwise, with Axiom. Without limiting the generality of the foregoing, Hays and Hirshberger agree not to contact Axiom seeking such an opportunity at Axiom, or to accept such an opportunity should one be identified by Axiom. Should Hays or Hirshberger become employed by or at Axiom, through mistake or otherwise, Hays and Hirshberger acknowledge that Axiom may terminate said employment/assignment without cause or notice and that Hays and Hirshberger waive any and all claims pertaining to any such action.

D.     The obligations created by this Settlement Agreement, including the obligation to pay the Settlement Sum, are contingent on the Court approving the Parties' proposed settlement and dismissing the Pending Action with prejudice and without fees or costs to either party. Within two (2) business days of receiving an executed copy of this Settlement Agreement, Counsel for Axiom will provide counsel for Hays and Hirshberger a draft Motion to Approve Settlement and to Dismiss Lawsuit with Prejudice ("Motion"). All Parties agree that the Motion will include the public filing of this Settlement Agreement with the monetary settlement terms redacted. The Parties further agree that with Court approval, an unredacted version of this Settlement Agreement will be filed with the Court under seal. The Motion will be filed by Axiom's counsel within one business day of being mutually approved by all Parties.

## IV.   CONFIDENTIALITY.

A.     Hays and Hirshberger agree that except as expressly provided below, they are prohibited from disclosing any information regarding the existence or substance of this Settlement Agreement to anyone except Hays' and Hirshberger's spouse (if any), accountants, income tax return preparers, tax or financial advisors or an attorney with whom Hays or Hirshberger choose to consult regarding this Settlement Agreement. Hays and Hirshberger represent that they have instructed or will instruct their spouse, accountants, income tax return preparers, tax or financial advisors or attorney to keep the dollar amounts, all the terms of this Settlement Agreement and the fact of settlement, in strictest confidence and to not disclose them to anyone, including, without limitation, any service which reports settlements or verdicts, except as may be required by court order. Hays and Hirshberger further represent that they have instructed or will instruct their attorney that he may not refer to this case by name or generically in any written or electronic materials. Hays and Hirshberger also agree that, if their spouse, income tax return preparer, tax advisor or attorney discloses the dollar amount, any of the terms of this Settlement Agreement and the fact of settlement, that disclosure will be considered Hays or Hirshberger's disclosure and a breach of this Confidentiality Clause, and will subject the violating Plaintiff to liquidated damages as set out below in Paragraph 7(D). If Hays or Hirshberger are asked about this action, they shall be permitted to disclose only that "the matter has

Hays _____
Hirshberger __NH__
Axiom __BJK__

4

been resolved" without further comment.

**B.** Axiom agrees that except as expressly provided below, it is prohibited from disclosing any information regarding the existence or substance of this Settlement Agreement to anyone except its accountants and bookkeeping staff, income tax return preparers, tax or financial advisors, Jennifer Kennard, or an attorney with whom it chooses to consult regarding this Settlement Agreement. Axiom further represents that it has instructed or will instruct anyone receiving information covered by this Confidentiality Clause to keep the dollar amounts, all the terms of this Settlement Agreement and the fact of settlement, in strictest confidence and to not disclose them to anyone, including, without limitation, any service which reports settlements or verdicts, except as may be required by court order. If Axiom is asked about this action, it shall be permitted to disclose only that "the matter has been resolved" without further comment.

**C.** The Parties acknowledge this Confidentiality Clause prohibits them from not only disclosing the dollar amount of the Settlement Sum, but also characterizing that amount in any way or even disclosing that a settlement was paid. Hays and Hirshberger further represent that they have not, prior to signing this Settlement Agreement, told anyone other than their spouses (if any), accountants, income tax return preparers, tax or financial advisors, mental health professionals and/or an attorney about this Settlement Agreement, the dollar amounts referred to herein, or any information covered by this Confidentiality Clause. Similarly, Axiom represents that it has not disclosed information covered by this Confidentiality Clause to any person not authorized to receive information covered by this Confidentiality Clause. The Parties agree that should any portion of this Confidentiality Clause be deemed overbroad or unconscionable, a court of competent jurisdiction shall have the authority to modify the Confidentiality Clause so that it is enforceable.

**D.** Hays and Hirshberger acknowledge this Confidentiality Clause constitutes a material inducement for Axiom to enter into this Settlement Agreement. Hays and Hirshberger also understand and agree that any violation of the confidentiality obligations set forth in Section IV will cause damage to Axiom in an amount difficult or impossible to calculate. Therefore, if Hays and Hirshberger violate this Confidentiality Clause, they agree to pay the sum of five thousand dollars ($5,000.00) to Axiom as liquidated damages for each and every proven violation.

**E.** Nothing in this Settlement Agreement prohibits or prevents Hays or Hirshberger from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Settlement Agreement preclude, prohibit, or otherwise

Hays _____
Hirshberger  NH
Axiom  BJK

5

limit, in any way, Hays and Hirshberger's rights and abilities to contact, communicate with, report matters to, or otherwise participate in, any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Hays and Hirshberger agree that if such an administrative claim is made, Hays and Hirshberger shall not be entitled to recover any individual monetary relief or other individual remedies.

V. **NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Settlement Agreement, nor the furnishing of the Settlement Sum, shall be deemed or construed at any time for any purpose as an admission by Axiom of any liability or unlawful conduct of any kind. Axiom expressly denies any such liability.

VI. **GOVERNING LAW AND INTERPRETATION.**

   A. This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Oregon. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision immediately shall become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

   B. In the event of a breach of any provision of this Settlement Agreement, any Party may institute an action specifically to enforce any term or terms of this Settlement Agreement or seek damages for breach. However, the Party instituting such an action must take steps to file this Settlement Agreement or any documents setting forth the terms of this Settlement Agreement with the court under seal. In an action to enforce any term or terms of this Settlement Agreement, or to seek damages for breach of this Settlement Agreement, the prevailing party in that action shall be entitled to recover its reasonable attorneys' fees and costs.

VII. **NONDISPARAGEMENT.** Hays and Hirshberger agree not to disparage Axiom or its products or services in any manner likely to be harmful to Axiom's reputation. Similarly, Hays and Hirshberger agree not to disparage Axiom's officers, managers, directors, employees or agents in a manner likely to be harmful to their professional reputations. Hays and Hirshberger further understand and agree that this prohibition prevents Hays or Hirshberger from posting disparaging remarks regarding Axiom or its products or services in any media or forum, including but not limited to internet social networking or blog sites i.e. Facebook, Twitter, Yelp, LinkedIn etc. Axiom acknowledges, however, that statements which are made in good faith in response to any question, inquiry or request for information required by legal process shall not violate this paragraph. Similarly, statements made by Hays or Hirshberger in good faith as part of any investigation conducted by a governmental body or agency shall not violate this paragraph.

Hays _____<br>
Hirshberger __NH__<br>
Axiom __BJK__

6

VIII. **ENTIRE AGREEMENT.** This Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the matters discussed herein, and fully supersedes any prior agreements or understandings between the Parties hereto regarding the matters discussed herein. Hays and Hirshberger acknowledge that they have not relied on any representations, promises or agreements of any kind made to him in connection with his decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

IX. **MEDICARE REPRESENTATIONS.** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

   A. Employees and Employees' counsel warrant that Employees are not Medicare beneficiaries as of the date of this Release. Because Employees are not Medicare recipients as of the date of this Release, no conditional payments have been made by Medicare.

   B. While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the Parties in order to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b), The Parties acknowledge and understand that any present or future action or decision by CMS or Medicare on this settlement, or Employees' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

X. **MISCELLANEOUS.**

   A. This Settlement Agreement may be signed in counterparts, all of which shall be deemed an original and taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Settlement Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

   B. The section headings used in this Settlement Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

Hays _____
Hirshberger _NH_
Axiom _BJY_

7

C.  This Settlement Agreement was the result of negotiations between the Parties. In the event of vagueness, ambiguity or uncertainty, this Settlement Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

D.  If Hays, Hirshberger or AXIOM fails to enforce this Settlement Agreement or to insist on performance of any term, that failure does not mean a waiver of that term or of the Settlement Agreement. The Settlement Agreement will remain in full force and effect.

E.  This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

**HAYS AND HIRSHBERGER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HAYS AND HIRSHBERGER HAVE OR MIGHT HAVE AGAINST RELEASEES.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date set forth below:

**ADRIANA HAYS**

By: _____

Date: _____

**NIKOLAUS HIRSHBERGER**

By: _____/s/_____

Date: ___4/23/2017_____

**AXIOM ENTITIES, LLC**

By: _____/s/_____

Date: ___5/16/2017_____

4816-0044-2694, v. 1

Hays _____
Hirshberger _____
Axiom __B.K.__

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF CLAIMS

This Confidential Settlement Agreement and General Release of Claims ("Agreement" or "Settlement Agreement") is entered into by and between Adriana Hays and Nikolaus Hirshberger (hereafter "Employees," "you" or "Hays and Hirshberger") and Axiom Entities, LLC dba Axiom Eco-Pest Control and Axiom EPC of Oregon LLC dba Axiom Eco-Pest Control (hereafter collectively "Axiom" or "the Company"). Hays, Hirshberger and Axiom are hereafter referred to collectively as "the Parties."

I. **CONSIDERATION.** In consideration for signing this Settlement Agreement and complying with its terms, Axiom agrees to pay Hays and Hirshberger ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as specified in subparagraphs (A) through (F) below (hereafter "Settlement Sum").

   A. Axiom will issue Hays a check in the amount of ▮▮▮▮▮▮▮▮▮▮ from which standard employer payroll deductions shall be taken. Axiom will issue Hays an IRS Form W-2 for this portion of the Settlement Sum.

   B. Axiom will issue Hays a check in the amount of ▮▮▮▮▮▮▮▮▮▮ from which no payroll deductions shall be taken. Axiom will issue Hays an IRS Form 1099 for this portion of the Settlement Sum. As a condition precedent to receiving this portion of the Settlement Sum, Hays agrees to provide Axiom with an IRS Form W-9.

   C. Axiom will issue Hirshberger a check in the amount of ▮▮▮▮▮▮▮▮▮▮ from which standard employer payroll deductions shall be taken. Axiom will issue Hirshberger an IRS Form W-2 for this portion of the Settlement Sum.

   D. Axiom will issue Hirshberger a check in the amount of ▮▮▮▮▮▮▮▮▮▮ from which no payroll deductions shall be taken. Axiom will issue Hirshberger an IRS Form 1099 for this portion of the Settlement Sum. As a condition precedent to receiving this portion of the Settlement Sum, Hirshberger agrees to provide Axiom with an IRS Form W-9.

   E. Axiom will issue a check to Joel Christiansen in the amount of ▮▮▮▮▮▮▮▮▮▮ from which no deductions will be taken. This portion of the Settlement Sum will be considered payment for attorney fees and litigation expenses/costs. Axiom will issue Hays and Hirshberger an IRS Form 1099-MISC for this portion of the Settlement Sum

Hays /s/
Hirshberger /s/
Axiom _____

1

and the payment will be reflected in box 3 (other income). Axiom will also issue to Joel Christiansen an IRS Form 1099-MISC for this portion of the Settlement Sum and the payment will be reflected in box 14 (gross proceeds paid to an attorney). As a condition precedent to this portion of the Settlement Sum, Hays and Hirshberger agree to provide Axiom a fully completed IRS Form W-9 for Joel Christiansen.

F. AXIOM will deliver the foregoing checks to Joel Christiansen within fifteen (15) business days of the Court approving the settlement as set forth in Section III(A), provided that Axiom has also received the required IRS Form W-9s.

II. **GENERAL RELEASE OF CLAIMS BY HAYS AND HIRSHBERGER.** In consideration for payment of the Settlement Sum, Hays and Hirshberger knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Axiom, including its past and present officers, owners, members, insurers, partners, directors, managers, agents, employees, successors, predecessors, assigns, related entities, parent and subsidiary companies, representatives, attorneys, divisions, benefit plans, and affiliates, and all persons acting by, through, under or in concert with any of them (hereafter "Releasees"), of and from any and all claims, demands, causes of action, rights, damages, costs, expenses and compensation whatsoever, known and unknown, asserted or unasserted, whether arising under common law or statute, whether local, state or federal, which Hays and Hirshberger now have, or may hereafter have, against any Releasee as of the date Hays and Hirshberger execute this Settlement Agreement, including, but not limited to, any alleged violation of or liability for any of the following, all as amended and to the extent allowed by law:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA");
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act;
- The Occupational Safety and Health Act;
- The Equal Pay Act, as amended, to the extent permitted by law;
- The National Labor Relations Act;
- The Consolidated Omnibus Budget Reconciliation Act ("COBRA"), to the extent permitted by law;
- The federal Fair Credit Reporting Act;
- The federal Family and Medical Leave Act;
- The Sarbanes-Oxley and Dodd-Frank Acts;
- The Workers Adjustment and Retraining Notification Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Oregon Revised Statutes Chapters 652, 653, 654, 659 and 659A;

Hays _/s/_
Hirshberger _____
Axiom _____

2

- Any tort theory including but not limited to the torts of wrongful discharge and negligent or intentional misrepresentation;
- Any other legal limitation on the employment relationship, whether federal, state, local or common law;
- Any claim for defamation, intentional injury, intentional infliction of emotional distress, negligence, infliction of emotional distress, or negligent hiring, supervision or retention;
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters; and
- Any claim for fraud, including fraud in the inducement pertaining to this Settlement Agreement.

<u>Claims Not Released</u>. Despite the general release set forth above, through this Settlement Agreement, Hays and Hirshberger are not waiving any rights to: (a) vested accrued employee benefits under Employer's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; and/or (d) enforce or challenge the validity of this Settlement Agreement.

### III.   AFFIRMATIONS AND CONDITIONS PRECEDENT.

A. Hays and Hirshberger affirm they have not filed or caused to be filed any claim, complaint, or action against any Releasee in any forum or form with the sole exceptions of the USDC Portland Division Case No. 3:16-cv-01942 (hereafter "the Pending Action"). The Parties acknowledge and agree that the complete and effective dismissal of the Pending Action and court approval of the settlement, without any additional claims being pursued by any person pursuant to the Pending Action, is a condition precedent to the enforceability of this Settlement Agreement, including the obligation to provide the Settlement Sum.

B. Hays and Hirshberger affirm that after receiving their portion of the Settlement Sum, they will have received all leave (paid or unpaid), compensation, wages including overtime compensation, bonuses, commissions, and/or benefits to which they may be entitled from Releasees and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to them with the exception of any vested right they may have under the terms of a written ERISA-qualified benefit plan. Hays and Hirshberger furthermore affirm they have no workplace injuries or occupational diseases that have not already been disclosed to Employer and that they have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act or any other law by Employer.



Hays _____
Hirshberger _____
Axiom _____

3

C.  Hays and Hirshberger agree not to apply or otherwise seek employment, temporary or otherwise, with Axiom. Without limiting the generality of the foregoing, Hays and Hirshberger agree not to contact Axiom seeking such an opportunity at Axiom, or to accept such an opportunity should one be identified by Axiom. Should Hays or Hirshberger become employed by or at Axiom, through mistake or otherwise, Hays and Hirshberger acknowledge that Axiom may terminate said employment/assignment without cause or notice and that Hays and Hirshberger waive any and all claims pertaining to any such action.

D.  The obligations created by this Settlement Agreement, including the obligation to pay the Settlement Sum, are contingent on the Court approving the Parties' proposed settlement and dismissing the Pending Action with prejudice and without fees or costs to either party. Within two (2) business days of receiving an executed copy of this Settlement Agreement, Counsel for Axiom will provide counsel for Hays and Hirshberger a draft Motion to Approve Settlement and to Dismiss Lawsuit with Prejudice ("Motion"). All Parties agree that the Motion will include the public filing of this Settlement Agreement with the monetary settlement terms redacted. The Parties further agree that with Court approval, an unredacted version of this Settlement Agreement will be filed with the Court under seal. The Motion will be filed by Axiom's counsel within one business day of being mutually approved by all Parties.

## IV.  CONFIDENTIALITY.

A.  Hays and Hirshberger agree that except as expressly provided below, they are prohibited from disclosing any information regarding the existence or substance of this Settlement Agreement to anyone except Hays' and Hirshberger's spouse (if any), accountants, income tax return preparers, tax or financial advisors or an attorney with whom Hays or Hirshberger choose to consult regarding this Settlement Agreement. Hays and Hirshberger represent that they have instructed or will instruct their spouse, accountants, income tax return preparers, tax or financial advisors or attorney to keep the dollar amounts, all the terms of this Settlement Agreement and the fact of settlement, in strictest confidence and to not disclose them to anyone, including, without limitation, any service which reports settlements or verdicts, except as may be required by court order. Hays and Hirshberger further represent that they have instructed or will instruct their attorney that he may not refer to this case by name or generically in any written or electronic materials. Hays and Hirshberger also agree that, if their spouse, income tax return preparer, tax advisor or attorney discloses the dollar amount, any of the terms of this Settlement Agreement and the fact of settlement, that disclosure will be considered Hays or Hirshberger's disclosure and a breach of this Confidentiality Clause, and will subject the violating Plaintiff to liquidated damages as set out below in Paragraph 7(D). If Hays or Hirshberger are asked about this action, they shall be permitted to disclose only that "the matter has



4

been resolved" without further comment.

B. Axiom agrees that except as expressly provided below, it is prohibited from disclosing any information regarding the existence or substance of this Settlement Agreement to anyone except its accountants and bookkeeping staff, income tax return preparers, tax or financial advisors, Jennifer Kennard, or an attorney with whom it chooses to consult regarding this Settlement Agreement. Axiom further represents that it has instructed or will instruct anyone receiving information covered by this Confidentiality Clause to keep the dollar amounts, all the terms of this Settlement Agreement and the fact of settlement, in strictest confidence and to not disclose them to anyone, including, without limitation, any service which reports settlements or verdicts, except as may be required by court order. If Axiom is asked about this action, it shall be permitted to disclose only that "the matter has been resolved" without further comment.

C. The Parties acknowledge this Confidentiality Clause prohibits them from not only disclosing the dollar amount of the Settlement Sum, but also characterizing that amount in any way or even disclosing that a settlement was paid. Hays and Hirshberger further represent that they have not, prior to signing this Settlement Agreement, told anyone other than their spouses (if any), accountants, income tax return preparers, tax or financial advisors, mental health professionals and/or an attorney about this Settlement Agreement, the dollar amounts referred to herein, or any information covered by this Confidentiality Clause. Similarly, Axiom represents that it has not disclosed information covered by this Confidentiality Clause to any person not authorized to receive information covered by this Confidentiality Clause. The Parties agree that should any portion of this Confidentiality Clause be deemed overbroad or unconscionable, a court of competent jurisdiction shall have the authority to modify the Confidentiality Clause so that it is enforceable.

D. Hays and Hirshberger acknowledge this Confidentiality Clause constitutes a material inducement for Axiom to enter into this Settlement Agreement. Hays and Hirshberger also understand and agree that any violation of the confidentiality obligations set forth in Section IV will cause damage to Axiom in an amount difficult or impossible to calculate. Therefore, if Hays and Hirshberger violate this Confidentiality Clause, they agree to pay the sum of five thousand dollars ($5,000.00) to Axiom as liquidated damages for each and every proven violation.

E. Nothing in this Settlement Agreement prohibits or prevents Hays or Hirshberger from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Settlement Agreement preclude, prohibit, or otherwise

Hays _/M/_
Hirshberger _/_
Axiom _____

5

limit, in any way, Hays and Hirshberger's rights and abilities to contact, communicate with, report matters to, or otherwise participate in, any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Hays and Hirshberger agree that if such an administrative claim is made, Hays and Hirshberger shall not be entitled to recover any individual monetary relief or other individual remedies.

V. **NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Settlement Agreement, nor the furnishing of the Settlement Sum, shall be deemed or construed at any time for any purpose as an admission by Axiom of any liability or unlawful conduct of any kind. Axiom expressly denies any such liability.

VI. **GOVERNING LAW AND INTERPRETATION.**

   A. This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Oregon. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision immediately shall become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

   B. In the event of a breach of any provision of this Settlement Agreement, any Party may institute an action specifically to enforce any term or terms of this Settlement Agreement or seek damages for breach. However, the Party instituting such an action must take steps to file this Settlement Agreement or any documents setting forth the terms of this Settlement Agreement with the court under seal. In an action to enforce any term or terms of this Settlement Agreement, or to seek damages for breach of this Settlement Agreement, the prevailing party in that action shall be entitled to recover its reasonable attorneys' fees and costs.

VII. **NONDISPARAGEMENT.** Hays and Hirshberger agree not to disparage Axiom or its products or services in any manner likely to be harmful to Axiom's reputation. Similarly, Hays and Hirshberger agree not to disparage Axiom's officers, managers, directors, employees or agents in a manner likely to be harmful to their professional reputations. Hays and Hirshberger further understand and agree that this prohibition prevents Hays or Hirshberger from posting disparaging remarks regarding Axiom or its products or services in any media or forum, including but not limited to internet social networking or blog sites i.e. Facebook, Twitter, Yelp, LinkedIn etc. Axiom acknowledges, however, that statements which are made in good faith in response to any question, inquiry or request for information required by legal process shall not violate this paragraph. Similarly, statements made by Hays or Hirshberger in good faith as part of any investigation conducted by a governmental body or agency shall not violate this paragraph.



Hays _____
Hirshberger _____
Axiom _____

6

VIII. **ENTIRE AGREEMENT.** This Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the matters discussed herein, and fully supersedes any prior agreements or understandings between the Parties hereto regarding the matters discussed herein. Hays and Hirshberger acknowledge that they have not relied on any representations, promises or agreements of any kind made to him in connection with his decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

IX. **MEDICARE REPRESENTATIONS.** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

   A. Employees and Employees' counsel warrant that Employees are not Medicare beneficiaries as of the date of this Release. Because Employees are not Medicare recipients as of the date of this Release, no conditional payments have been made by Medicare.

   B. While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the Parties in order to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b), The Parties acknowledge and understand that any present or future action or decision by CMS or Medicare on this settlement, or Employees' eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

X. **MISCELLANEOUS.**

   A. This Settlement Agreement may be signed in counterparts, all of which shall be deemed an original and taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Settlement Agreement or a signature transmitted by facsimile or electronic mail shall have the same effect as the original signature.

   B. The section headings used in this Settlement Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

Hays _/M/_
Hirshberger _/M/_
Axiom _____

7

C. This Settlement Agreement was the result of negotiations between the Parties. In the event of vagueness, ambiguity or uncertainty, this Settlement Agreement shall not be construed against the Party preparing it, but shall be construed as if both Parties prepared it jointly.

D. If Hays, Hirshberger or AXIOM fails to enforce this Settlement Agreement or to insist on performance of any term, that failure does not mean a waiver of that term or of the Settlement Agreement. The Settlement Agreement will remain in full force and effect.

E. This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

HAYS AND HIRSHBERGER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HAYS AND HIRSHBERGER HAVE OR MIGHT HAVE AGAINST RELEASEES.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement as of the date set forth below:

**ADRIANA HAYS**                                **NIKOLAUS HIRSHBERGER**

By: *[signature]*                               By: _____

Date: 4/21/2017                                 Date: _____

**AXIOM ENTITIES, LLC**

By: _____

Date: _____

4816-0044-2694, v. 1

Hays *[initials]*
Hirshberger _____
Axiom _____

8